(January 22, 1987)

■ In the Matter of BRADLEY SANDERS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—Application by petitioner pursuant to the

rules of this court (22 NYCRR 691.13 [b] [1]) to suspend the respondent, an attorney admitted to practice in the Appellate Division of the Supreme Court, First Judicial Department, on December 11, 1961, on grounds that he is presently incapable of continuing to practice law by reason of a mental infirmity or illness. Pursuant to order of this court, dated March 6, 1987, respondent was examined by Arthur Gillman, M.D., who has submitted his report of the psychiatric evaluation of respondent. Doctor Gillman found that there is sufficient basis for respondent's suspension from the practice of law.

Upon the papers filed in support of the application and upon the report of Arthur E. Gillman, I.I.D., it is;

Ordered that the application is granted; and it is further,

Ordered that the respondent Bradley Sanders is hereby suspended from the practice of law pending the further order of this court with leave to the respondent to apply for reinstatement upon furnishing satisfactory proof: (a) that during the said period he has actually refrained from practicing law or attempting to practice as an attorney and counselor-at-law; (b) that he has fully complied with this order and the terms and provisions of the written rules governing the conduct of disbarred, suspended or resigned attorneys, a copy of such rules being annexed hereto and made a part hereof; and (c) that he has fully recovered from his mental disability or illness and is otherwise capable of properly conducting himself, and it is further,

Ordered that, pursuant to statute (Judiciary Law § 90), during the period of suspension and until the further order of this court, the respondent Bradley Sanders, be and he hereby is commanded to desist and refrain: (1) from practicing law in any form either as principal or agent, clerk or employee of another; (2) from appearing as an attorney and counselor-at-law before any court, Judge, Justice, board or commission or other public authority; (3) from giving to another an opinion as to the law or its application, or any advice in relation thereto; and (4) from holding himself out in any way as an attorney or counselor-at-law. Mollen, P. J., Mangano, Thompson, Bracken and Sullivan, JJ., concur.